WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael R. Staples, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV 06-1518 PHX VAM |
| ) | |
| Robert Need, et al., ) | O R D E R |
| ) | |
| Defendants. ) | |

On June 12, 2006, plaintiff filed a Complaint (Doc. 1) and a Motion to Proceed In Forma Pauperis (Doc. 2). By Order filed June 16, 2006, the Motion to Proceed In Forma Pauperis was denied and plaintiff was given ten days to pay the filing fee of $350.00. On June 22, 2006, plaintiff filed a "Request for Motion Stay of Judgment. . ." indicating that he needed additional time to pay the $350.00 filing fee. (Doc. 6). A review of the docket reveals that plaintiff has not paid the filing fee. Plaintiff will be given one more opportunity to pay the filing fee or risk dismissal of this action. There will be no further continuances of the date for payment of the filing fee.

On June 12, 2006, plaintiff filed a Motion requesting appointment of counsel. (Doc. 4). There is no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266 (9th Cir. 1982); Randall v. Wyrick, 642 F.2d 304 (8th Cir. 1981). Moreover,

the only statutory authority creating a basis for appointment is 28 U.S.C. §1915(e)(1), which confers on the court the discretion to appoint counsel to represent an indigent civil litigant. <u>Aldabe v. Aldabe</u>, 616 F.2d 1089 (9th Cir. 1980).  The Court cannot compel a lawyer to represent an indigent plaintiff.  <u>Mallard v. U.S. District Court for the Southern District of Iowa</u>, 490 U.S. 296 (1989).  An appointment of counsel may be requested under 28 U.S.C. §1915(e)(1) only in "exceptional circumstances."  <u>Aldabe</u>, 616 at 1089; <u>Wilborn v. Escalderon</u>, 789 F.2d 1328 (9th Cir. 1986).

This rule is derived from <u>Weller v. Dickson</u>, 314 F.2d 598, 600 (9th Cir.), <u>cert. denied</u>, 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72 (1963) which held that "the privilege of pleading in forma pauperis . . . in civil actions for damages should be allowed only in exceptional circumstances."  <u>See</u> <u>Wilborn</u>, 789 F.2d at 1328.  <u>Weller</u> was extended, without apparent comment, to "appointment of counsel" in <u>United States v. Madden</u>, 352 F.2d 792, 794 (9th Cir. 1965).  <u>Madden</u> was then cited for the rule in <u>Alexander v. Ramsey</u>, 539 F.2d 25, 26 (9th Cir. 1976); <u>United States v. McQuade</u>, 579 F.2d 1180, 1181 (9th Cir. 1978), <u>on appeal after remand</u>, 647 F.2d 938, 940 (9th Cir. 1981), <u>cert. denied</u>, 455 U.S. 958, 102 S.Ct. 1470, 71 L.Ed.2d 677 (1983); <u>Aldabe</u>, 616 at 1093; and <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1236 (9th Cir. 1984).

A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983), <u>quoted in</u> <u>Richards v. Harper</u>, 864

F.2d 85 (9th Cir. 1988).  Neither of these factors is dispositive and both must be viewed together before reaching a decision on a request for counsel under section 1915(d).  <u>Wilborn</u>, 789 F.2d at 1331.

Here, plaintiff has not demonstrated a likelihood of success on the merits.  In addition, plaintiff has failed to show that any difficulty he is experiencing in attempting to litigate this case is derived from the complexity of the issues involved.  While most actions, such as the instant case, require development of supporting facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts to support the case, this does not equate with showing the complexity of the relevant issues.  <u>Wilborn</u>, 789 F.2d at 1331.

On June 12, 2006, plaintiff filed a "Request for Investigation of Records."  (Doc. 3).  This request will be denied as it is premature.

On August 4, 2006, plaintiff filed a Motion regarding "Federal Judge Hostage and Harassment on Case. . ."  (Doc. 7).  This Motion is unintelligible and will be denied.

**IT IS THEREFORE ORDERED** denying as premature plaintiff's "Request for Investigation of Records.  (Doc. 3).

**IT IS FURTHER ORDERED** denying without prejudice plaintiff's Motion for Appointment of Counsel.  (Doc. 4).

**IT IS FURTHER ORDERED** granting plaintiff's Motion for Stay of Judgment.  (Doc. 6).  Plaintiff shall pay the $350.00 filing fee no later than November 1, 2006.  The Clerk of the Court is directed to enter dismissal of this action without further notice

if plaintiff fails to pay the filing fee of $350.00.

**IT IS FURTHER ORDERED** denying plaintiff's Motion regarding "Federal Judge Hostage and Harassment on Case. . ."  (Doc. 7).

DATED this 18th day of October, 2006.

_____
Virginia A. Mathis
United States Magistrate Judge

4